## IN THE U.S. DISTRICT COURT OF MARYLAND
## FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Kristy Narer** <br> P.O. Box 252 <br> Clarksville, Maryland 21029 <br><br> **Plaintiff** <br><br> v. <br><br> **Morsberger's Tavern, Inc.** <br> 713 Frederick Road <br> Catonsville, Maryland 21228 <br><br> **Robert C. Morsberger** <br> 604 Hilton Avenue <br> Catonsville, Maryland 21228 <br><br> **Defendants** | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> / | <br><br><br><br><br> Case No.: _____ <br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT

Plaintiff, Ms. Kristy Narer, by and through undersigned counsel, states a complaint against Defendants Morsberger's Tavern, Inc. and Mr. Robert Morsberger ("Morsberger"), pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et* seq. ("FLSA"), and a supplemental state law claim for breach of contract, and demands a jury trial, as follows:

### Introduction, Venue, and Jurisdiction

1. This Court has original jurisdiction of the FLSA action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over the breach of contract claim pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

3. Venue and personal jurisdiction is proper pursuant to 28 U.S.C. § 1391(b) and (c)

because the events and omissions giving rise to these claims occurred within this judicial district, and all Defendants regularly conduct business in this judicial district.

4.     Plaintiff Narer was employed by Defendants as a bartender at Morsberger's Tavern (the "Tavern") in Catonsville, Maryland.  Defendant Morsberger's Tavern, Inc. is a Maryland corporation.  By discharging the Plaintiff for engaging in activity protected under the FLSA, Plaintiff alleges that Defendants willfully and deliberately violated well-established anti-retaliation provisions of the FLSA.  29 U.S.C. § 215(a)(3).  Similarly, Plaintiff alleges that the same actions by the Defendants also breach a Settlement Agreement, dated May 20, 2015, between the parties.

5.     At all times material herein, Morsberger's Tavern, Inc. had an annual gross volume of sales made or business done in an amount exceeding $500,000.00.

6.     Defendant Robert Morsberger is, on information and belief, an officer and owner of Defendant Morsberger's Tavern, Inc.  Defendant Morsberger supervises the administration of Morsberger's Tavern, Inc., maintains direct control over the scheduling of employees for work, and does all of the hiring and firing of employees.  Upon information and belief, Defendant Morsberger receives income and/or salary from Defendant Morsberger's Tavern, Inc. Defendant Morsberger has, at all material times, been actively engaged in the management and direction of employees, including the Plaintiff, and has possessed and exercised authority and discretion to fix, adjust, and determine hours worked with respect to employees at Morsberger's Tavern, Inc., including the Plaintiff.  Upon information and belief, Defendant Morsberger has custody and control of business records and is responsible for maintaining those records.  At all times material herein, Defendant Morsberger was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and thus, Defendant Morsberger is jointly and individually liable for

damages to the Plaintiff arising under the FLSA.

8.     Defendant Morsberger's Tavern, Inc. employs at least two or more employees who are engaged in commerce, produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA.  For instance, there are employees of the Defendant who negotiate and purchase alcoholic and other beverages from producers and suppliers who operate in interstate commerce.  There are employees who serve, and otherwise handle these beverages, that cross interstate and even international boundaries.  There are employees who regularly use wire and electronic means of communicating interstate, including the Plaintiff and other bartenders, who also regularly sell alcoholic and other beverages that have moved in interstate commerce, and who regularly process credit card transactions for customer payments.  There are employees who use, in the Tavern, cleaning products, glasses, tools, utensils, napkins, signage, among other items, that have moved in interstate commerce.  Accordingly, subject matter jurisdiction exists because the Plaintiff was employed by a covered entity, Defendant Morsberger's Tavern, Inc., a covered entity, which satisfies the enterprise coverage provisions under the FLSA. Alternatively, the FLSA's prohibition on retaliation is broader than its coverage of minimum wage or overtime wage violations, and applies even if the employee cannot show individual coverage or enterprise coverage.  As a covered enterprise, Defendant Morsberger's Tavern, Inc. has at all material times been an "employer" within the meaning of the FLSA.

**Factual Allegations**

9.     Plaintiff Narer was employed by Defendants as a bartender at the Tavern from June, 2014 to June 2015.  Plaintiff was not paid the statutory minimum wage required by the FLSA.

10.    Plaintiff was not exempt under the FLSA's minimum wage requirements.

11.     By letter dated May 11, 2015, Plaintiff asserted claims against the Defendants for failing to pay her required minimum wage in violation of FLSA.  The letter was received by the Defendants, who discussed her FLSA claims with the Plaintiff on numerous occasions.  On May 20, 2015, the parties resolved the minimum wage violations claims in a written Settlement Agreement and Mutual Release (the "Settlement Agreement"), which, among other things, required Defendants to pay $6,000.00, including $1,000.00 for her attorney, to the Plaintiff.  The Settlement Agreement provides that Plaintiff would "continue to be assigned to work as the bartender on the Monday, Tuesday, Wednesday day and Friday night shifts.  Plaintiff accepted less than the full value of her claim for unpaid minimum wages and entered into the Settlement Agreement based, in part, upon the Defendants' assurances that they would not retaliate against the Plaintiff.

12.     In June 2015, Defendants took away Plaintiff's Wednesday shift.  Also, in June 2015, Defendant Morsberger fired Plaintiff and told Plaintiff that he "could not take it anymore" because she had "sued" him.  Similarly, Defendant Morsberger told other customers, including Donna Goins, that Plaintiff had been fired because she had sued him.

13.     The FLSA makes it unlawful for an employer to discharge or otherwise retaliate against an employee for engaging in FLSA protected activity, including internal employee complaints. 29 U.S.C. § 215(a)(3).  Defendants violated the FLSA by discriminating against and discharging the Plaintiff for engaging in FLSA-protected activity.

14.     Defendants also breached the Settlement Agreement by refusing to allow Plaintiff to work her agreed upon work schedule and by discharging the Plaintiff in retaliation for her FLSA-protected activity.  As a direct result of the foregoing breaches of contract, Plaintiff suffered compensatory damages, including lost wages and tips.

## Causes of Action

### COUNT I
### (FLSA - Retaliation)

15.     Plaintiff incorporates paragraphs 1-14 as set forth above, and states, in addition, that Defendants' actions complained of herein constitute a willful violation of 29 U.S.C. § 215(a)(3), because Defendants have retaliated against and discriminated against Plaintiff for engaging in protected conduct by filing a complaint under the Fair Labor Standards Act and settling her complaint by terminating her employment.

16.     The retaliatory and adverse actions complained of in this Count have caused Plaintiff to suffer and experience economic damages in the form of lost pay and tips, as well as mental anguish, pain and suffering, humiliation, anxiety and loss of enjoyment of life.

### COUNT II
### (Breach of Contract)

17.     Plaintiff incorporates paragraphs 1-16 as set forth above, and states, in addition, that Defendants breached the Settlement Agreement by: (1) refusing to allow Plaintiff to continue working the Wednesday day shift as set forth in the Settlement Agreement; and (2) terminating Plaintiff's employment in June, 2015.

18.     As a direct result of Defendants' breaches of the Settlement Agreement, Plaintiff suffered compensatory damages, including lost wages and tips.

### Prayer

Based on the foregoing allegations, Plaintiff respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a)     Order Defendants to pay Plaintiff a sum sufficient to compensate them for all wages and

tips lost as a result of Defendants' unlawful retaliation complained hereinabove, plus an equal amount in liquidated damages;

(b)     Order Defendants to pay compensation to Plaintiff for emotional pain and suffering, humiliation and anxiety, resulting from Defendants' unlawful retaliation complained hereinabove, in an amount to be determined by the Court;

(c)     Order Defendants to pay the Plaintiff an amount of punitive damages for Defendants' malicious and reckless disregard of the Plaintiff's federally protected wage/hour rights, in separate amounts to be determined at a bifurcated trial, but in no event less than $100,000.00;

(d)     Order Defendants to pay compensatory damages to Plaintiff, including lost wages and tips, resulting from Defendants' breach of contract complained hereinabove, in an amount to be determined by the Court;

(e)     Order Defendants to reinstate the Plaintiff;

(f)     Award Plaintiff her attorneys' fees and costs in pursuing this action; and

(g)     Grant Plaintiff any additional relief that the Court deems appropriate and just.

                        Respectfully submitted,

| | |
|---|---|
| /s/ *(with permission)* | /s/ Bradford W. Warbasse |
| Howard B. Hoffman | Bradford W. Warbasse |
| Federal Bar No. 25965 | Federal Bar No. 07304 |
| 600 Jefferson Plaza, Ste. 304 | 401 Washington Avenue, Ste. 200 |
| Rockville, Maryland 20852 | Towson, Maryland 21204 |
| (301) 251-3752 | (410) 337-5411 |
| | |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

## **Jury Demand**

The Plaintiff, by her attorneys, hereby demands a jury trial as to all issues triable by a jury.

>*/s/ Bradford W. Warbasse*
>Bradford W. Warbasse